_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

_____

Dale Wiegert,

26-cv-107-jdp

Plaintiff,

v.

Department of Veterans Affairs,

Tomah VA Medical Center, Karen Long, Facility Director,

Sarah Brueggen, Chief Patient Advocate,

Kari Arch, Social Worker Red Team,

Laura Martin Manager VA Community Care,

Hannah Brandau supervisor VA Community Care.

Misty Mack Manager Beneficiary Travel,

Jane and John Does, in their official capacities,

Defendants.

Case No. _____

February 12, 2026.

_____

EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND MANDATORY INJUNCTIVE RELIEF COMPELLING AGENCY ACTION UNLAWFULLY WITHHELD TO PREVENT IMMINENT IRREPARABLE HARM AND LOSS OF LIFE

_____

PLAINTIFF'S EMERGENCY MOTION

Plaintiff Dale Wiegert, a 100 percent service connected disabled veteran, respectfully moves this Court for an immediate Temporary Restraining Order and emergency relief compelling the Defendants to comply with binding federal law, specifically the immediate implementation of VHA Directive 1107 to provide medically necessary lodging required for an already authorized cancer surgery.

1

This motion is filed on an emergency basis because Plaintiff faces imminent, irreparable harm, PROGRESSION OF MY CANCER including the cancellation of life saving cancer surgery scheduled for February 17, 2026, and death if relief is not granted immediately.

_____

EMERGENCY NOTICE OF EVIDENCE AND UNLAWFUL MISCONDUCT

TO: United States District Court for the Western District of Wisconsin

FROM: Dale Wiegert, 100% Service Connected Disabled Veteran P&T

SUBJECT: Unlawful Denial of Cancer Care and Conversion of Public Funds among other unlawful conduct and acts

DATE: February 12, 2026

PRIORITY: Life and Death Urgency (Surgery Date: February 17, through the 21st 2026)

_____

I. My Statement of Emergency and Irreparable Harm I am a 100 percent service connected disabled veteran rated Total and Permanent who is currently fighting aggressive prostate cancer. I have been approved for life saving cancer surgery at the Mayo Clinic in Rochester, Minnesota, scheduled to occur from February 17 through February 21, 2026, pursuant to VA authorized Community Care and a Veterans Care Agreement issued only after escalation beyond the local facility. This surgery cannot proceed without temporary lodging in Rochester during the authorized episode of care. Mayo Clinic has made clear that without confirmed lodging arrangements the surgery will not occur.

Despite actual notice of my diagnosis, the surgery dates, and the medical necessity of lodging, Tomah VA leadership has issued a written refusal to arrange and pay for temporary lodging and meals as required by VHA Directive 1107.

The refusal to provide lodging operates as a complete and functional denial of the authorized cancer surgery itself. This denial creates immediate and irreparable harm because aggressive cancer will continue to progress and spread without surgical intervention.

There is no adequate remedy at law. Monetary damages cannot undo cancer progression or death. The refusal is not an administrative inconvenience. It is a direct threat to my life.

II. My Evidence of a Calculated Criminal Blockade  On January 8, 2026 at 2:56 p.m. CST, Beneficiary Travel Mobility Manager Misty Mack issued a written secure message to me stating that my request for lodging and meals was approved only under Beneficiary Travel authority she falsified that statement there is no record of me requesting anything from Directive 1601B.05. there is only a record from me requesting lodging and meals under only directive 1107 the correct directive.

she claims that I was responsible for the initial payment of lodging and meals, and that the VA would reimburse only up to capped GSA per diem rates under 38 C.F.R. Part 70.30(a)(3) with no more than 50 percent of the VA employee per diem rate.

2

In a recorded phone call on January 14, 2026 at approximately 1430 hours, Chief Patient Advocate Sarah Brueggen admitted that she emailed Misty Mack and directed her to put this Beneficiary Travel authority forward to unlawfully to bypass directive 1107. Misty Mack also acknowledged in a recorded conversation that Sarah Brueggen ordered her to send the letter and that the letter was not independent action by the Mobility Manager.

The substitution of Beneficiary Travel authority and the forced out of pocket requirement were therefore intentional and ordered, and were used to bypass VHA Directive 1107.

On On February 4th 2026 I received a letter dated January 28, 2026, from Social Worker Kari Arch, acting on behalf of and with approval from Facility Director Karen Long and Chief Patient Advocate Sarah Brueggen. In that letter, Tomah VA explicitly acknowledged that temporary lodging is required for my cancer treatment in Rochester. Despite this admission, the letter refused to authorize lodging under VHA Directive 1107 and then told me to go beg to the public for money.

The stated reason for the refusal was not medical ineligibility. The reason was that Tomah VA has never implemented Directive 1107 and therefore would not apply it to my case. Instead of complying with federal law, the letter directed me to seek charities, non profits, and public donations to cover a benefit Congress has already funded. This instruction to substitute charity for a mandatory VA benefit constitutes unlawful cost shifting and conversion of public funds. The refusal was absolute and left me with no alternative but to attempt public fundraising to stay alive.

On January 20th 2026, a week earlier Facility Director Karen Long issued written correspondence to me stating that she had directed staff to ensure compliance with all applicable directives and policies. On January 28, 2026, I received a written letter from Social Worker Kari Arch, acting on behalf of and with approval from Facility Director Karen Long and Chief Patient Advocate Sarah Brueggen. In that letter, Tomah VA explicitly acknowledged that temporary lodging is required for my cancer treatment in Rochester. Despite this admission, the letter refused to authorize lodging under VHA Directive 1107.

When I received this written letter on February 4, 2026, dated January 28, 2026, it confirmed the continued refusal by Tomah VA to implement VHA Directive 1107 and explicitly directed me to seek and beg assistance from the public and charitable sources for lodging and meals, despite the fact that federal law requires the Department of Veterans Affairs to implement and use Directive 1107 to fund lodging and meals for my authorized cancer treatment.

That January 28, 2026 letter also proves that the January 20, 2026 assurance from Facility Director Karen Long was false and confirms that VHA Directive 1107 was not implemented before or after that representation. As Facility Director, Karen Long is legally mandated to ensure that binding Veterans Health Administration directives are implemented and enforced at the facility level. Her written assurance followed by a written refusal issued under her authority establishes knowing noncompliance with Directive 1107 and a failure to carry out a nondiscretionary duty imposed by federal law.

III. The Unlawful Double Standard and Unlawful Cost Shifting I Am Facing Tomah VA did not merely attempt to process my cancer surgery under the wrong authority. It affirmatively and knowingly displaced the controlling and mandatory VHA Directive 1107 with Beneficiary Travel Directive

1601B.05 in order to avoid a nondiscretionary federal obligation. This was a conscious administrative act, ordered and implemented after actual notice of the governing directive, and done for the purpose of shifting financial responsibility away from the agency and onto me.

Beneficiary Travel is a limited reimbursement program governed by 38 C.F.R. Part 70 that addresses mileage and incidental travel expenses. It does not govern clinically required temporary lodging during an authorized episode of care.

It does not authorize VA to require a veteran to prepay lodging. It does not authorize the VA to tell the veteran to go beg for money from the public, It does not supersede a Secretary level directive. It has no legal applicability to a life saving cancer surgery that cannot proceed without overnight lodging arranged in advance.

VHA Directive 1107 is the exclusive controlling authority in this circumstance and mandates that VA arrange and fully pay for all required lodging and meals when medically necessary to complete an authorized episode of care. There is no lawful discretion to substitute a lesser program.

This unlawful substitution forces me and other similarly situated veterans to advance personal funds for mandatory medical lodging and meals and limits reimbursement to capped per diem rates, even though federal law and VHA Directive 1107 expressly prohibit requiring veterans to pay out of pocket for these benefits. This conduct constitutes unlawful cost shifting of congressionally appropriated medical funds from the Department of Veterans Affairs onto indigent veterans during life threatening medical crises.

At the same time, VA employees performing government travel receive full reimbursement payment of lodging and meals under 5 U.S.C. section 5702. The VA is therefore treating its own employees better than every veteran and better than this 100 percent service connected disabled veteran undergoing life saving cancer treatment. This double standard has no basis in law and exists solely to preserve local budgets by shifting federally appropriated medical costs onto an indigent veteran during a medical crisis.

IV. For this Court's review, I have attached records documenting retaliation, falsification of federal records, and a complete breakdown of internal oversight. After I filed protected complaints regarding the denial of my cancer care and the refusal to implement VHA Directive 1107, Tomah VA officials engaged in retaliatory acts designed to silence me, conceal misconduct, and defeat oversight.

My federal medical and administrative records were accessed, altered, and manipulated without authorization. Rather than correcting the unlawful denial of my cancer care under the MISSION Act, VA staff obscured and recharacterized the denial to shield responsible officials from accountability. Entries were modified after the fact, and critical context was removed or distorted, and history within the Federal courts have prosecuted VA employees for the same unlawful acts and the record will show that VA leadership trying really hard to cover up their unlawful acts to protect their staff.

At the same time, the Patient Advocate Office and Community Care leadership intentionally disabled VA Secure Messaging, the primary federally approved system for protected written complaints and care

coordination. This action eliminated audit trails, prevented preservation of my statements in my own words, and obstructed my ability to create an accurate federal record. The disabling of Secure Messaging was not incidental. It occurred while my complaints were active and served to suppress evidence, obstruct oversight, and retaliate against me for seeking enforcement of federal law.

In addition, Tomah VA leadership allowed VA Community Care federal contractors to require veterans to sign electronic signature pads that did not display the actual document being signed, preventing any review of the actual terms. When I demanded hard copies, I discovered language assigning me personal financial responsibility for VA authorized care and granting contractors broad authority to access, share, sell, and dispose of my medical records to unknown sources.

After I objected and filed formal complaints, VA leadership failed to intervene, allowed the practice to continue, and contractors destroyed and sold my medical records and medical impressions, resulting in the permanent loss of federal medical records and the unlawful sale and misuse of my veteran data.

The written response I received from the Tomah VA Privacy Officer and facility leadership explicitly stated that the Department of Veterans Affairs has no oversight authority over its own Community Care federal contractors and instructed me to file my complaints with the Wisconsin Department of Health Services and told me NOT to file complaints through VA or other federal oversight channels. That statement directly contradicts the VA's statutory responsibility under 38 U.S.C. section 1703 and governing Community Care contracts, which require VA oversight and enforcement.

By directing me away from federal review and toward state agencies with no jurisdiction over federal contracts, Tomah VA leadership deliberately diverted and suppressed my complaints in order to shield contractor misconduct and evade federal accountability.

This same effort to control the record and silence oversight is why the Community Care Department and Patient Advocate Office removed VA Secure Messaging access from veterans, allowing VA staff to control the narrative of the record, eliminate contemporaneous written complaints, and chill the veteran's voice.

V. Failure of Administrative Remedies and Oversight I pursued every available administrative and legislative remedy before filing this emergency motion. I filed formal complaints with the Patient Advocate Office, VA privacy officer, VA Central Office, Members of Congress, and the VA Office of Inspector General.

Rather than investigate or correct the violations, my complaints were routed back to the same Tomah VA officials who were the subjects of the complaints, allowing those officials to review, respond to, and close complaints against themselves. This self review created an inherent conflict of interest, resulted in retaliation against me, and deprived me of any meaningful due process or impartial review.

On February 4 and February 6, 2026, I filed emergency hearing requests documenting imminent risk of death. I received no written response. On February 9 and February 11, 2026, I called congress and received only verbal acknowledgements with no action taken and it seemed from the call that they were sending the complaints right back to the VA. Administrative remedies have failed completely. They are

ineffective, unavailable, and incapable of preventing the imminent cancellation of my surgery and my death.

VI. Federal Statutes Being Violated Against Me The actions of Kari Arch, Sarah Brueggen, Karen Long, and other Tomah VA officials constitute knowing violations of federal law, including but not limited to

31 U.S.C. section 1301(a) by refusing to use appropriated funds for their intended medical purpose

18 U.S.C. section 641 by converting a funded federal benefit into a charity obligation

18 U.S.C. section 242 by depriving me of my rights under color of law and placing my life in danger

18 U.S.C. sections 1001 and 1519 by issuing false statements and falsifying federal records to conceal noncompliance

18 U.S.C. section 371 by conspiring to defraud the United States through coordinated nonimplementation of Directive 1107

18 U.S.C. section 1505 by obstructing federal proceedings through misdirection of complaints

The Elizabeth Dole Act of 2025 by administratively interfering with authorized medical referrals and continuity of care

VII. My Conclusion and Demand for Emergency Intervention The refusal to implement VHA Directive 1107 is not a policy disagreement. It is a knowing institutional failure that directly blocks authorized cancer surgery. Without immediate judicial intervention, my surgery will be cancelled and my cancer will progress.

I respectfully request that this Court issue an immediate Temporary Restraining Order compelling the Tomah VA to implement VHA Directive 1107 and to arrange and pay for my required lodging and meals so that my surgery on February 17, 2026 can proceed.

I further request referral of the documented misconduct to the Department of Justice.

VIII. Chronological Record of Notice, Refusal, and Exhaustion for Purposes of Emergency Relief Motion Without Waiver of Additional Evidence

On November 4, 2025, I submitted a formal written congressional complaint and request for intervention to Congressman Derrick Van Orden through his official webform, with instructions that his staff immediately forward the complaint to the VA Office of Inspector General, the U.S. Department of Justice Civil Rights Division, and the House Committee on Veterans' Affairs for concurrent review. That submission documented unlawful administrative obstruction and the same day denial of my authorized cancer care referral and Veterans Care Agreement to Mayo Clinic Rochester, Minnesota, by Tomah VA Community Care leadership and Facility Director Karen Long, placing my life in immediate jeopardy. His office never forwarded my request and his office just sent my complaint back to the same VA I was making a grievance about. No corrective action was taken and Van Orden office Closed my complaint.

On November 25, 2025, I filed a written submission by United States Mail and made a verbal complaint to the Department of Veterans Affairs Office of Inspector General Hotline. On Tuesday December 23, 2025 at 10 35 AM CST, the VA OIG Hotline sent me a written email response stating it "received your complaint dated November 25 2025," then stated that because it receives more complaints than it has resources to review it "thoroughly considered your complaint" and "forwarded the information you reported to the responsible VA office" and identified that office as VISN 12 Great Lakes Health Care System, the parent facility for the Tomah WI VA Medical Center. The OIG further stated that "There is no appeal process on the disposition of a Hotline complaint. This is our final response on this issue." In the same email, the OIG also stated "Since this referral did not identify you as the person submitting the issue please reference OIG Non Case referral 2026 06636," even though the email was addressed to me by name and acknowledged my complaint by date. As reflected in my December 30, 2025 and February 4, 2026 submissions, this complaint did not result in any investigation, enforcement action, or corrective relief, it was just sent right back to the same VA I made a grievance about continued unchanged.

On December 4th 2025 I filed a joint complaint with congress and with the patient advocate under the patient advocate tracking system (PATS). Record Submitted and attached for Judicial Review

On December 9, 2025, the Chief Patient Advocate Sarah Brueggen and Tomah Compliance Officer issued written communications sent to my personal email account, asserting that temporary lodging under VHA Directive 1107 was discretionary and not required. That statement directly contradicts the plain language of Directive 1107 and Title 38 authorities. I immediately rebutted this misrepresentation in writing on December 30, 2025. Record Submitted and attached for Judicial Review

Also in her December 9, 2025 email which she rewrote and change the federal record from the National Program Manager at the Program Office and stated that the guidance provided for directive 1107 that they never implemented as required by law was: "that VA may provide temporary lodging; however, it is not a requirement." She then wrote that it was asked if the Program Office could consider updating the policy because the intent "doesn't appear to be as written," and she requested and demanded that the program manager rewrite Directive 1107 and reword the responsibility of the director so that it is clear that this is only if the facility opts into other temporary lodging, these acts are unlawful and are harming veterans. Record Submitted and attached for Judicial Review

In my December 30, 2025 rebuttal, I stated that VA employees do not have authority to reword, narrow, or condition a national directive and that Directive 1107 must be applied exactly as written without opt in or opt out conditions. I stated: "Sarah, your attempt to rewrite VHA Directive 1107 is illegal."

I stated that the email she provided to me was not the original federal record and that she removed recipients I included, including Congressman Derrick Van Orden, the House Veterans Affairs Committee, and Anna Doran, Central Office Chief Patient Advocate, and removed the Central Office email address, and presented the altered email as complete. I stated that she instructed me to file FOIA requests to obtain records related to my own medical healthcare PATS and congressional complaints

7

and that this violates federal law because under the Privacy Act I am entitled to access my own medical health records without filing a FOIA request.

I stated that her added conditions do not exist in VHA Directive 1107, federal statute, or regulation, that they are an unlawful alteration of federally established benefits criteria under Directive 1107, and that they are being used to deny lodging and deny authorized meals in full and force veterans and active duty Service members to pay out of pocket.

I cited the Accardi doctrine and stated that when an agency promulgates rules or directives governing its own actions, it must follow them, and that any guidance provided by a Program Manager that conflicts with Directive 1107 unambiguous language is legally void and has no legal effect and cannot be used to deny mandatory benefits.

I also stated that the conduct documented throughout my submission directly violates the Veterans ACCESS Act of 2025, the Elizabeth Dole Act, the VA MISSION Act, binding Veterans Care Agreements, and VHA Directive 1107, and that these actions were not discretionary medical judgments but unlawful denials of federally guaranteed access to care, in direct defiance of statute, directive, and congressional intent, and resulted in immediate risk to my life. Sarah Brueggen response was that they sent a request to the general counsel (OGC) for guidance on how they can be removed from implementing VHA directive 1107, these actions also violate the aforesaid law. as of todays date the VA still refuses to implement and follow the directive 1107 and NO response from the OGC. Record Submitted and attached for Judicial Review

On December 30, 2025, I filed three separate written emails:

• A formal PATS and Congressional joint complaint regarding refusal to implement and failure to comply with VHA Directive 1107 mandatory temporary lodging and meals. Record Submitted and attached for Judicial Review

• A formal PATS and Congressional joint complaint regarding the intentional disabling of Secure Messaging by Patient Advocacy and Community Care to intentionally chill the veterans voice and to avoid transparency and accountability. Record Submitted and attached for Judicial Review

• A written rebuttal and response to Sarah Brueggen's December 9, 2025 email regarding Directive 1107 and unlawful guidance from the National Program Manager. which was also cent to Congress.  Record Submitted and attached for Judicial Review

 On January 13, 2026, I submitted a formal written response memorializing and documenting the substance of a January 7, 2026 phone call that I audio recorded. This written submission was also transmitted to Congress and was expressly intended to be entered into the official PATS and Congressional record exactly as written, without paraphrase, alteration, or summary. In that same January 13, 2026 submission, I placed into the record documented evidence that VA staff engaged in discrimination and sexual harassment, made false statements regarding coverage of my life saving cancer treatment, misapplied governing federal law, interfered with authorized Community Care, and

8

manipulated or created materially inconsistent federal records, conduct that caused me to reasonably believe my authorized cancer treatment had been denied.

As reflected in the record, this conduct violates mandatory obligations under 38 U.S.C. section 1703, VHA Directive 1107, and the MISSION Act, and constitutes unlawful misuse of appropriated funds under 31 U.S.C. section 1301(a), deprivation of rights under color of law under 18 U.S.C. section 242, false statements and falsification of federal records under 18 U.S.C. sections 1001 and 1519, and obstruction of lawful federal processes under 18 U.S.C. section 1505. Record Submitted and attached for Judicial Review

On January 20, 2026, the Facility Director issued correspondence acknowledging my complaints and stating she had directed Risk Management to ensure directives and policies were implemented. Despite this admission of responsibility and actual notice, Directive 1107 was still not implemented. No training, procedures, funding mechanism, or authorization was put in place. Record Submitted and attached for Judicial Review

On January 28, 2026, I received a written refusal from Social Worker Kari Arch, approved by Director Karen Long and Chief Patient Advocate Sarah Brueggen, acknowledging that lodging was required for my cancer care while refusing to authorize it under Directive 1107. Instead, the letter directed me to seek charities and public donations. This written instruction to substitute charity for a congressionally funded benefit constitutes conversion and unlawful cost shifting. Record Submitted and attached for Judicial Review

On February 4, 2026, I filed two emergency submissions documenting imminent risk of death, preserved recorded statements and written admissions that Directive 1107 had not been implemented, and the continued misuse of Beneficiary Travel to force me to advance costs. These submissions identified named officials and specific acts after actual notice. Record Submitted and attached for Judicial Review

On February 6, 2026, I filed an addendum identifying responsible officials, specific acts, and statutory violations arising from continued non implementation after repeated notice, including documentation that Tomah VA had issued written instructions directing me to seek charities and public donations and to beg the public for money to cover lodging and meals because the facility refused to implement and apply VHA Directive 1107 as required by federal law. No written corrective action followed. Record Submitted and attached for Judicial Review

On February 11, 2026, I received a telephone call from the Chief Patient Advocate stating that VA leadership had been notified that the Office of General Counsel was reviewing VHA Directive 1107 to determine whether the directive must be implemented and whether VA is required to pay for my medically necessary lodging. That position is contrary to governing law and VA policy. VHA Directive 1107 was lawfully issued under the authority of the Under Secretary for Health pursuant to 38 U.S.C. sections 1703, 1708, and the Secretary's rulemaking authority under 38 U.S.C. section 501, and it remains binding national policy unless and until formally rescinded. Under the Accardi doctrine, federal agencies are required to follow their own mandatory rules and directives, and neither the Office

9

of General Counsel nor local facility leadership has authority to suspend, delay, or disregard a binding directive pending internal legal review. Such delay constitutes agency action unlawfully withheld or unreasonably delayed under 5 U.S.C. section 706(1), and arbitrary and capricious action not in accordance with law under 5 U.S.C. section 706(2)(A). VA regulations further require that all costs of VA provided temporary lodging be borne by the Department and not the Veteran. The continued refusal to implement Directive 1107 under the guise of legal review constitutes unlawful administrative interference with authorized medical care in violation of the MISSION Act and the Elizabeth Dole Act of 2025.

As a direct result of this unlawful delay exceeding three months, VA placed my life at extreme risk. My cancer treatment was postponed, my disease progressed, and my cancer spread while I was forced to litigate for compliance with laws and directives that were already in effect. Had VA complied when notice was first provided, my life saving cancer treatment at Mayo Clinic in Rochester, Minnesota would have proceeded without delay.

Throughout this period, complaints to the VA Office of Inspector General and Congress were returned to the same Tomah VA officials accused of wrongdoing or closed without enforcement. I received only verbal acknowledgements and no written relief by either. Administrative remedies were not merely exhausted, they were functionally unavailable and ineffective. There is no remaining administrative remedy available to me.

IX. PRAYER FOR EMERGENCY RELIEF

Plaintiff respectfully requests that this Court grant the following emergency relief:

1. *Issue an immediate Temporary Restraining Order compelling Defendants to comply with VHA Directive 1107 and all governing federal law, including 38 U.S.C. sections 1703 and 1708, by immediately arranging and fully funding Plaintiff's medically necessary temporary lodging and meals required to complete his authorized cancer surgery at Mayo Clinic Rochester, Minnesota, scheduled for February 17 through February 21, 2026.*

2. *Enjoin Defendants from substituting Beneficiary Travel authority or any other non controlling program in place of VHA Directive 1107 for purposes of lodging and meals during Plaintiff's authorized episode of care.*

3. *Enjoin Defendants from conditioning, delaying, or denying required lodging and meals based on internal legal review, discretionary determinations, or local non implementation of binding national directives.*

4. *Order Defendants to take all actions necessary to ensure Plaintiff's authorized cancer surgery proceeds as scheduled without further administrative obstruction.*

5. *Grant such other and further emergency and equitable relief as this Court deems just and proper to prevent irreparable harm and loss of life. REFER THIS MATTER TO THE DOJ.*

X. MOTION TO PROCEED IN FORMA PAUPERIS

_____

Plaintiff respectfully moves to proceed in forma pauperis pursuant to 28 U.S.C. section 1915.

Plaintiff is a one hundred percent service connected disabled veteran rated Total and Permanent by the Department of Veterans Affairs. By operation of law and regulation, Plaintiff is indigent. Plaintiff subsists on fixed disability benefits, has no meaningful discretionary income, and lacks the financial resources to pay filing fees, service costs, or other court related expenses without severe hardship.

Requiring Plaintiff to pay filing fees under these circumstances would effectively deny access to the courts and foreclose judicial review of unlawful government action that threatens his life. Plaintiff therefore requests waiver of all filing fees and costs associated with this action.

XI.   _____
      MOTION FOR APPOINTMENT OF COUNSEL
      _____

Plaintiff respectfully moves for appointment of counsel pursuant to 28 U.S.C. section 1915(e)(1) and this Court's inherent authority.

This case presents exceptional circumstances warranting appointment of counsel. Plaintiff is a severely disabled veteran suffering from aggressive cancer and facing imminent risk of death. The matter involves complex federal statutory and administrative law, including the MISSION Act, the Elizabeth Dole Act of 2025, the Administrative Procedure Act, binding Veterans Health Administration directives, and constitutional claims arising under color of law.

Plaintiff is proceeding pro se while simultaneously undergoing serious medical treatment and managing life threatening illness. Defendants are represented by government counsel and include multiple VA officials and agencies with superior access to legal resources. Without appointed counsel, Plaintiff is unable to adequately protect his rights, develop the record, or meaningfully litigate issues of this complexity and urgency.

Appointment of counsel is necessary to ensure fundamental fairness, to preserve Plaintiff's constitutional and statutory rights, and to assist the Court in the orderly and efficient resolution of this emergency matter.

Respectfully submitted,

Dale Wiegert
1085 S. Chicago Ln
Friendship. WI 53934
414-840-9596
wiegertd@yahoo.com