IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DALE WIEGERT,

      Plaintiff,

  v.

DEPARTMENT OF VETERANS AFFAIRS,
TOMAH VA MEDICAL CENTER,
KAREN LONG, Facility Director,
SARAH BRUEGGEN, Chief Patient Advocate,
KARI ARCH, Social Worker Red Team,
LAURA MARTIN, Manager, VA Community Care,
HANNAH BRANDAU, Supervisor VA Community
Care, MISTY MACK, Manager Beneficiary Travel, and
JANE AND JOHN DOES, in their official capacities,

      Defendants.

OPINION and ORDER

26-cv-107-jdp

---

Dale Wiegert, proceeding without counsel, has emailed several documents to the court, including a document he calls "Emergency motion for temporary restraining order and mandatory injunctive relief compelling agency action unlawfully withheld to prevent imminent irreparable harm." Wiegert did not file a complaint, but I will construe his motion as a complaint. He also did not pay the filing fee or submit an affidavit of indigency, so I cannot determine whether he qualifies to proceed without prepaying the filing fee. But I will address his motion because he alleges that it is time sensitive and he is in a grave situation.[1]

---

[1] The clerk of court accepted Wiegert's submission by email, which is not standard procedure. If Wiegert wishes to file any additional lawsuits in this court, he must file a complaint that complies with Federal Rule of Civil Procedure 10, and he must deliver a hard copy of his complaint to the court in person or by mail. And if he wishes to seek leave to proceed without prepaying the filing fee under 28 U.S.C. § 1915, he must submit an affidavit of indigency. If he does not comply with these requirements, the court may not take action on his submissions.

Wiegert makes numerous allegations in his motion, but the gist is that he is a veteran and officials at the Department of Veterans Affairs are refusing to pay for lodging that he needs so that he can receive cancer treatment at the Mayo Clinic from February 17 to February 21, 2026. (Wiegert emailed his motion to the court on February 12.) Wiegert contends that VHA Directive 1107 requires the agency to pay for his lodging, and he asks the court to direct defendants to authorize payment.

I cannot consider the merits of Wiegert's motion because I do not have jurisdiction over it. The Veterans' Judicial Review Act establishes the exclusive review procedure through which veterans may challenge Veterans Affairs adjudication of their individual benefits claims. 38 U.S.C. § 511(a); *see Evans v. Greenfield Banking Co.*, 774 F.3d 1117, 1121 (7th Cir. 2014); *Vaughn v. McDonough*, No. 22-3244, 2023 WL 4341456, at *1 (7th Cir. July 5, 2023). If a veteran is dissatisfied with an agency decision on benefits, he may appeal it in some instances to the Board of Veterans' Appeals, 38 U.S.C. § 7104, and then to the United States Court of Appeals for Veterans Claims, 38 U.S.C. § 7252, and from there to the United States Court of Appeals for the Federal Circuit, 38 U.S.C. § 7292. But federal district courts may not consider challenges to individual veteran's benefits decisions. *Evans*, 774 F.3d at 1124; *Blanchette v. McDonough*, No. 22-cv-57-wmc, 2022 WL 503738, at *1–2 (W.D. Wis. Feb. 18, 2022).

Wiegert's claim in this case is a challenge to an individual benefits decision, which means that he cannot seek relief in this court.

There are some allegations in Wiegert's motion suggesting that Wiegert believes that defendants are denying him benefits to retaliate against him for previous complaints that he made. Wiegert does not provide any basis for that allegation, but even if it is true, it does not change the limitations on this court's authority.  "[C]ourts do not acquire jurisdiction to hear

challenges to benefits determinations merely because those challenges are cloaked in constitutional terms." *Evans*, 774 F.3d at 1124.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of jurisdiction. The clerk of court is directed to enter judgment accordingly and close this case.

Entered February 13, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge